## Munce et al. *v.* Eckard, Appellant.

*Ground rents—Proceeding for extinguishment of ground rent—Failure of owner of fee to disclose existence of ground rent—Charge of Court—Equitable estoppel.*

In a proceeding for the extinguishment of a ground rent, based on the omission of the owners of the fee to make payment of the rent for a period of 21 years, and the failure of the owners of the ground rent to demand payment thereof within a like period, there was evidence that the defendant knew of the existence of the ground rent and that he failed to inform the plaintiffs of his obligation.

Under such circumstances it is error for the court to charge, in effect, that a failure of the defendant to inform the plaintiffs of their right to the rent amounted to a deliberate deception which would estop him from obtaining the protection of the statute of limitations.

There was no breach of duty in the omission by the defendant to inform the plaintiffs of his obligation. There must be some misrepresentation or other voluntary conduct to create an equitable estoppel, and it must also be made to appear that the person asserting the estoppel has relied on the representation or conduct to his prejudice.

Argued November 20, 1925. Appeal No. 325, October T., 1925, by defendant, from judgment of C. P. No. 5, Philadelphia County, December T., 1924, No. 6172, in the case of James R. Munce, George F. Munce, John L. Munce, W. Reece Munce, Edward A. Munce, Sarah F. Munce, Frances A. Munce, Sarah G. Clifford and Joseph I. Clifford, v. Joseph F. Eckard. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Proceeding for the extinguishment of ground rent. Before, MARTIN P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the charge of the court.

*William A. Carr,* and with him *Sidney L. Krauss* and *George T. Steeley,* for appellant.—The fact that the defendant withheld from plaintiffs the knowledge that they were entitled to collect the rent, is not sufficient to remove the case from the bar of the statute of limitations: Sankey v. McElevey, 104 Pa. 265; 21 Corpus Juris 1130; Hill v. Epley, 31 Pa. 331; Jaques v. Weeks, 7 Watts 261; Tustin v. Philadelphia & Reading Coal and Iron Co., 250 Pa. 425.

*Ralph B. Umsted,* for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

This is a proceeding by the owner of the premises 1335 S. 8th street, Philadelphia, for the extinguishment of a ground rent created June 27, 1848. After two or more conveyances succeeding the creation of the ground rent, the petitioner became the owner of the property on December 30, 1909. All of these transfers were made subject to the ground rent. The basis of the application was the omission of the owners of the fee to make payment of the rent or acknowledgement of liability therefor for a period exceeding twenty-one years, and the failure of the owners of the ground rent to demand payment thereof within a like period. The contention of the plaintiffs was that the petitioner should not be allowed to recover for the reason that a demand had been made for payment of the rent within twenty-one years; that the defendant had declared and acknowledged the existence of the ground rent within that period, and that the defendant is estopped under the evidence from asserting a termination of the charge on the land by untruthful statements to the plaintiffs with respect to the nature of the charge on the land whereby they were misled to their prejudice; the said statements having been made to induce the plaintiffs to postpone the assertion of any rights they had until after a period of twenty-one

years had elapsed. The title of the plaintiffs to the rent was not in dispute and the defendant admitted that he knew of the existence of the ground rent. He had been executor of the will of a predecessor in title and through an order of the Orphans' Court had sold the same property a few years before subject to the ground rent. It was in evidence that the plaintiffs were not aware that they had an interest in the ground rent until the subject was brought to their attention by some inquiries of the defendant with reference to any title they might have to a piece of land, the location of which the defendant first placed in Camden and in a later conversation in the City of Philadelphia. The defendant did not inform them of the facts with reference to the ground rent and according to the testimony of the plaintiffs tried to divert their attention and to mislead them with reference to the location of the land and their interest therein. The learned trial judge, after stating the law with respect to the limitation of an action for ground rent, instructed the jury that there was testimony in this case that the rent was not extinguished by payment; that the defendant not only knew of the existence of this ground rent which it was his duty to pay, but concealed that knowledge from these people when he was talking to them, and purchased the property for a price that was fixed upon the basis that the ground rent was in existence and must be paid. The court then said to the jury: "If you are convinced by the testimony that has been read to you the defendant Eckard, knowing of this ground rent deliberately deceived the plaintiffs by withholding from them the knowledge that they were entitled to collect the rent, until the period of twenty-one years elapsed from the time of the last payment or demand, your verdict should be for the plaintiffs." This portion of the charge is made the subject of the second assignment of error. From it we think the jury was

led to believe that the defendant by omitting to inform the plaintiffs that they were entitled to receive the ground rent was guilty of a fraud which would estop him from obtaining the protection of the statute of limitation. But this is not the effect of mere silence. The defendant stood in the attitude of a debtor. The plaintiffs claimed to be his creditors. No relation of trust therefore existed, nor any duty, arising simply out of their relation, to inform them of their rights or the risk that by lapse of time they would be deprived of their property. A debtor is not bound to inform his creditor of the existence of the debt: Sankey v. Mc-Elevey, 104 Pa. 265. There was no breach of duty therefore in the omission by the defendant to inform the plaintiffs of his obligation. There must have been some misrepresentation or other voluntary conduct on the part of the defendant to create an equitable estoppel whereby he was precluded at law and in equity from asserting his right which otherwise might have existed to take advantage of the statute to insure release from his liability to pay the rent, and it must also be made to appear that the person asserting the estoppel has relied on the representation or conduct to his prejudice. The distinction between the omission to give notice and encouragement of words and acts to one's prejudice is recognized in many cases. There was evidence in the case on which the plaintiffs depended to establish such estoppel, but the learned judge seems to have entertained the view that the failure of the defendant to inform the plaintiffs of their right to the rent amounted to a deliberate deception which would entitle the plaintiffs to a verdict, and the case went to the jury on that instruction. We regard this as too broad and unqualified a statement of the law as applied to a case involving a question of debtor and creditor. There must be some affirmative declaration

or conduct which misleads to the loss or disadvantage of the person affected thereby.

The only other assignment complains of the refusal of the court to give binding instructions, but under the evidence the defendant was not entitled to the affirmance of the point. There is testimony bearing on the payment or tender of payment within the statutory period and of acknowledgment of the ground rent. We regard the case as one for the jury therefore.

The second assignment is sustained for the reasons given above. The judgment is reversed with a venire facias.